**Tala PRESLEY, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 04–56853.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Unit 77, Los Angeles, CA, for Plaintiff—Appellant.

Constance M. Komoroski, Esq., USLA—Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Peter K. Thompson, Gov., Social Security Adminis-

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tration, Office of the General Counsel, San Francisco, CA, for Defendant—Appellee.

Before WALLACE, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM ***

Tala Presley appeals pro se from the district court's judgment affirming the decision of an Administrative Law Judge ("ALJ") determining that Presley was not entitled to benefits greater than the amount calculated by the Social Security Administration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order upholding the ALJ's decision, and we review for substantial evidence the ALJ's decision. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.2004). We affirm.

Substantial evidence supports the ALJ's determination that Presley received the correct monthly disability benefit amount. On appeal, Presley does not challenge the evidence supporting the ALJ's decision; rather, she contends that she should be entitled to the higher benefit amount she obtained using an online benefit calculator on the Social Security Administration's website. As the district court explained, however, Presley's online calculation is not reliable. Among other things, Presley calculated her retirement benefits, not her disability benefits, and her calculation was based on an "indexing year" different from

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Presley's correct "indexing year" of 1993. *See* 20 C.F.R. § 404.211(d)(1)(ii) (a claimant's indexing year is the second year before the year in which the claimant became disabled).

**AFFIRMED.**